UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RAFAEL CANALES CARIAS,

                Petitioner,              Case No. 1:26-cv-898

v.                               Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.38.)

In an order entered on March 23, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the January 22, 2026, bond hearing on March 26, 2026. (Resp., ECF No. 5; Recording of Jan. 22, 2026, Bond Hearing, filed on Mar. 26, 2026.) Petitioner filed his reply on March 31, 2026, (ECF No. 6).

## II.    Relevant Factual Background

Petitioner is a citizen of Honduras who entered the United States in 2018. (Pet., ECF No. 1, PageID.8, 14.) On October 30, 2025, ICE arrested Petitioner. (*Id.*, PageID.15.)

On December 15, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Canales Carias v. Raycraft* (*Canales Carias I*), No. 1:25-cv-1790 (W.D. Mich.). In *Canales Carias I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Canales Carias I*, (W.D. Mich. Jan. 15, 2026), (ECF Nos. 6, 7.).

On January 22, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.16; Order of the Immigration Judge, ECF No. 1-5, PageID.233.) On that same day, the immigration judge issued an order denying bond. (Order of the Immigration Judge, ECF No. 1-5, PageID.233.) The Order of the Immigration Judge states:

> Denied because flight risk. The respondent has already been removed and has a pending appeal before the BIA.

(*Id.*)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on January 22,

2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied a constitutionally deficient burden of proof. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:     April 20, 2026                    /s/ Jane M. Beckering
                                              Jane M. Beckering
                                              United States District Judge

3